**ROGER D. WILSON   SBN 192207**
**LAW OFFICES OF ROGER D. WILSON**
2300 Tulare Street, Suite 250
Fresno, California 93721
Telephone: (559) 233-4100
Facsimile: (559) 746-7200
Email: Roger@Wilson-law.com

Attorney for Defendant J. DESHAWN TORRENCE

# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> **J. DESHAWN TORRENCE**, <br><br> Defendant. | Case No.: **1:22-cr-00207-JLT-SKO** <br><br> **DEFENDANT'S TRIAL BRIEF.** <br><br> Trial Date: January 14, 2025 <br> Court: Hon. Todd W. Robinson |

**TO:   THE HONORABLE JUDGE TODD W. ROBINSON AND TO ASSISTANT UNITED STATES ATTORNEY KAREN ESCOBAR:**

Defendant J. DESHAWN TORRENCE, by and through his Counsel Roger D. Wilson provides the Court and the Government with his Trial Brief.

## INTRODUCTION

Mr. Torrence is a former Police Officer with the Sanger Police Department (SPD). He had worked for SPD for several years, and by all accounts was a good officer.

As shown in the Superseding Indictment, Mr. Torrence is charged in nine counts with violating 18 U.S.C. § 242. His alleged victims include B.G., M.C.G., L.S. and S.W. The allegations against Mr. Torrence are serious. The charges appear to have occurred on perhaps seven days that spanned five years. Mr. Torrence has pleaded not guilty to all the charges.

# PROCEDURAL HISTORY

The initial indictment was filed on July 28, 2022, and following his arrest, Mr. Torrence was arraigned August 5, 2022. He has remained incarcerated since that date.

The Superseding Indictment was filed June 6, 2024.

Trial was originally scheduled before the current trial date but was continued one time to January 14, 2025.

# SIGNIFICANT DISPUTED ISSUES

## Defense's Motions to Continue Trial

As this Court knows, Counsel for Mr. Torrence filed a motion to continue the trial, and after that was denied, a motion for reconsideration. That motion was also denied. Counsel for Mr. Torrence is currently engaged in a 97-count criminal trial in Madera County Superior Court. (See, *People of the State of California v. Gregory Rodriguez*, Madera County Superior Court Case No. MCR 077701, Honorable Kathryn Rigby, presiding.) To date, the jury has asked several questions and for witness testimony read back but have not reached a verdict.

Counsel for Mr. Torrence has already explained to this Court the trial procedures in Madera County. Additionally, under California law, if the jury returns guilty verdicts for any of the charges the defendant is entitled to a jury trial on the alleged "Aggravating Factors" that attach to "Counts: 1 through 10, 12 through 37, 40 through 75, 77 through 85, and 93 through 96, pursuant to Penal Code section 1170(b)(2) and California Rules of Court, Rules 4.421(a)(3) ["that the victim was particularly vulnerable"], and 4.421(A)(11) ["that the defendant took advantage of a position of trust or confidence to commit the offense"]. Therefore, once the jury returns a verdict, it is possible that the parties—including Counsel for Mr. Torrence—will immediately begin a second jury trial in Madera County.

## The Government's Continued Discovery Production

Voluminous discovery was produced by the Government and provided to Defense over the last two years. However, more voluminous discovery has been served on the Defense over the last four weeks. This discovery—contrary to the assertions and contentions of the Government—is indeed **new** discovery because every single page, each photograph, and each

video and audio recording must be reviewed anew to compare it the discovery the Government previously produce and to review it for exculpatory evidence beneficial to Mr. Torrence. A brief summary of the discovery production follows:

Prior to June 11, 2024, Counsel for Defense received 80,454 pages of discovery.

On November 14, 2024, Counsel for Mr. Torrence received 1,898 pages of discovery consisting of Sanger Police Department policies.

On December 5, 2024, Counsel for Mr. Torrence received an SC camera card extraction, "videos of interest" from Mr. Torrence's iCloud account, Apple iCloud search warrant return production". While the Government asserts it will only use limited information from the discovery disclosed, Counsel for Mr. Torrence has a duty to review all of the hundreds of paged of newly provided discovery to prepare for the Government's case and to review the new discovery for evidence and potential new witnesses.

On December 6, 2024, Counsel for Mr. Torrence received 2 TB of data on a portable hard drive. The contents of the drive include appear to be "recovered material from an SD Card" found in Mr. Torrence's police department locker. Also discovered on the 2 TB drive, are videos that were "referenced as a placeholder at BN 80575." The 2 TB drive also contains "the entirety of the Apple iCloud production" pursuant to the search warrant found at BN 78106-78113", and the "entire Apple iCloud return and FBI CART conversion of the return into readable format  Further, the Government states that "photos that we may introduce at trial were obtained from the iCloud return and were previously produced in discovery at BN 80244-80574."

On December 11, 2024, Counsel for Mr. Torrence received "modified discovery" from the December 10, 2024. On December 10, 2024, Counsel for Mr. Torrence received "redacted and unredacted photographs, cellphone subscriber information, cellphone records, exhibit charts, cellphone extractions using Cellebrite and GrayKey, and recordings of Mr. Torrence's jail telephone calls. Counsel for Mr. Torrence has never been provided the *complete* cellphone extractions and cellphone records of the jail calls. While the Government claims it will only

1   use very limited information form the discovery disclosed, Counsel for Mr. Torrence has a duty
2   to review all of the hundreds of paged of newly provided.
3       On December 16, 2024, Counsel for Mr. Torrence received redacted photographs,
4   certificate, and exhibits, and grand jury transcripts.  Counsel for Mr. Torrence had never been
5   provided with the Grand Jury Transcripts before the December 16, 2024, discovery.
6       On December 23, 2024, Counsel for Mr. Torrence received a second 2 TB portable hard
7   drive—"Vol 15"—that was locked with a combination keypad.  After conferring with the
8   Government, the combination was obtained and entered, but the contents of the drive could not
9   be opened or copied to Counsel's desktop computer for review.  After several communication
10  attempts with the Government's IT staff, it was determined that Vol 15 was corrupt and needed
11  to be reloaded by the Government. After the reload, Vol 15 still will not open.  Vol 15 contains
12  "electronic devices <u>extractions</u> consisting of the extraction of the blue iPhone by FSO and FBI,
13  a map, and the CV of Scott Wales along with a list of his prior testimony."  The extractions of
14  the cellphone could contain exculpatory evidence beneficial to Mr. Torrence, by the discovery
15  is not retrievable.
16      On or about December 26, 2024, Counsel for Mr. Torrence received from the
17  Government the 5TB drive he had provided to the Government for the December 6, 2024, 2TB
18  of data.  This newly formatted drive ostensibly contained new discovery consisting of "Vol
19  18", along with another copy of "Vol 15".  As with the previous experience, neither Volume
20  will "load" or "open" and is therefore unretrievable and not reviewable.  To date, neither
21  volume of discovery has been viewable by the Defense.
22      On January 3, 2025, the Government sent an email informing Defense Counsel that still
23  more discovery is available for download from the Government's web portal.
24      As with all discovery, Counsel for Mr. Torrence has a duty to review all materials—
25  even those the Government asserts are irrelevant.
26      Counsel for Mr. Torrence maintains that the Government has produced discovery
27  untimely.  Pursuant to jury instruction 3.20, a trial court has discretion in shaping the remedies
28  for violations of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S.

150 (1972).  For example, in *United States v. Garrison*, 888 F.3d 1057, 1061 (9th Cir. 2018), "the government made grave mistakes in its prosecution of the case by repeatedly failing to timely disclose information to the defense."  Rather than dismiss the case, the district court instructed the jury that "the government's failure to timely comply with its constitutional obligations...could lead the jury to find reasonable doubt" as to guilt.  The Ninth Circuit held that there was no error.  *Id*. at 1066.

### DEFENSE'S PROPOSED JURY INSTRUCTIONS

Defense's proposed jury instructions are filed separately.  Of particular importance is the jury instruction for 18 U.S.C. section 242 because the Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit do not contain an instruction for this criminal charge.  Defense has presented a proposed instruction for this code section violation.

Respectfully submitted,

**LAW OFFICE OF ROGER D. WILSON**

Date:   January 6, 2025         By:           /s/ Roger D. Wilson
                                            ROGER D. WILSON
                                Attorney for Defendant J. DESHAWN TORRENCE